**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**RICHARD DOSS,**

       **Plaintiff,**

**CASE NO:**

**vs.**

**MARTIN COUNTY DEPARTMENT OF**
**CORRECTIONS, MARTIN COUNTY,**
**FLORIDA, SHERIFF, WILLIAM D.**
**SNYDER, DOCTOR(S) SCHICODNIC,**
**DEBBIE LOWENBERG AND ARMOR**
**CORRECTIONAL HEALTH SERVICES,**
**INC., INDIVIDUALLY AND IN THEIR**
**OFFICIAL CAPACITIES,**

       **Defendants.**

_____/

**NOTICE OF REMOVAL AND**
**INCORPORATED MEMORANDUM OF LAW**

Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC., ("Armor") by and through undersigned counsel, gives notice of the removal to this Court of the case styled *Richard Doss v. Martin County Department Of Corrections, Martin County, Florida, Sheriff, William D. Snyder, Doctor(s) Schicodnic (sic), Debbie Lowenberg and Armor Correctional Health Services, Inc., Individually and in their Official Capacities*, which was filed as Case No. 17-1063-CA in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida. As grounds for this removal, Armor states the following:

Plaintiff sued Armor, as well as Martin County Department of Corrections, Martin County, Florida, Sheriff, William D. Snyder, Doctor(s) Schicodnic, and Debbie Lowenberg, individually and in their official capacities, in a civil action now pending in the Circuit Court of

the Nineteenth Judicial Circuit in and for Martin County, Florida, Case No: 17-1063-CA. Armor was served on February 14, 2019.[1] A copy of the Summons and First Amended Complaint, as well as any other documents filed in the Circuit Court, will be served and filed contemporaneously herewith.

The First Amended Complaint, filed on February 6, 2019, asserts three claims against the Defendants arising out of a fall on April 8, 2014 while incarcerated at the Martin County Jail. Some of these claims are brought under Florida Law. In particular, Count I asserts medical malpractice claims against Schicodnic, Lowenberg and Armor and Count II asserts negligence against Armor, Schicodnic, and Snyder.

Plaintiff also brings a claim under federal law for alleged deprivations of his constitutional rights. Count III asserts deliberate indifference claims against all Defendants pursuant to 42 USC §1983 and 1988.

## I.     Grounds for Removal; Federal Question Jurisdiction

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. § 1441. That provision states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

---

[1] Armor will be challenging the sufficiency of Plaintiff's service by way of a forthcoming motion to dismiss or, alternatively, quash pursuant to Fed. R. Civ. P. 12(b)(5). *See Cain v. Commercial Pub. Co.*, 232 U.S. 124, 133 (1914) (providing that a removing defendant is entitled to avail itself of any defenses with the district court as if the case had been original commenced in said district court); *see also Pouyeh v. Public Health Trust of Jackson Health Sys.*, 718 F. App'x 768, 790–91 (11th Cir. 2017) (providing that the filing of a notice of appearance on behalf of a defendant does not constitute a waiver of objections to the sufficiency of service of process or any other Rule 12 defense.)

The Court has original federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) because Plaintiff asserts a claim that arises under the federal laws of the United States, namely 42 U.S.C. § 1983, and seeks redress for alleged deprivations, under color of state law, of rights secured by the Constitution. Thus, the case is removable pursuant to 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b) copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the state court are being filed contemporaneously herewith pursuant to a Notice of Filing State Court Documents.

## II.     Supplemental Jurisdiction over State Law Claims.

Pursuant to 28 U.S.C. § 1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

Plaintiff has alleged multiple state law claims in the First Amended Complaint. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same factual circumstances that form the basis for the federal claim and are so related to the claim under which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. Accordingly, Armor requests that this Court accept supplemental jurisdiction as to the state law claims set forth in the First Amended Complaint.

### III.     Removal is Timely.

A notice of removal of a civil action must be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. 28 U.S.C. § 1446(b)(1). Alternatively, the notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

Armor was improperly served[2] with the Summons, First Amended Complaint and Notice of Intent to Initiate Litigation §766.106(4) and Notice of Intent to Sue §768.28 on February 14, 2019. This Notice of Removal is filed within thirty (30) days from the date of such service and is, therefore, timely.

### IV.     Venue is Proper.

Venue is proper in the Fort Pierce Division of the Southern District of Florida pursuant to Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, as the case is being removed from the Nineteenth Judicial Circuit in and for Martin County, Florida. *See also* 28 U.S.C. 1441(a) and 1446(a).

### V.     Consent to Removal.

When a civil action is removed solely under 28 U.S.C. § 1441(a), all defendants who have been served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). From a review of the docket report of the Martin County Circuit Court, it appears that no other defendant has been served.

---

[2] *See supra* n.1.

4

**VI.     Written Notice Will Be Promptly Provided to the Adverse Party and a Copy Will Be Filed with the State Court Clerk.**

Written notice of the filing of this Notice of Removal has been given to the adverse party and filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida, in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. removes this action from the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida, to this Honorable Court and respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

**I HEREBY CERTIFY** that on March 7, 2019, the foregoing was filed with the United States District Court, and a true and correct copy was provided via U.S. Mail to Richard Doss, 921633, Sarci Annex, 5850 E. Milton Road, Milton, FL 34995

/s/ S. Renee Stephens Lundy
S. RENEE STEPHENS LUNDY, ESQ.
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310    Fax: 407-648-0233
RLundy@drml-law.com
BrittanK@drml-law.com
DeniseC@drml-law.com
Attorneys for Defendant, Armor